IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,382-01






EX PARTE GARY M. SILVERSTRIM, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 93-10-7155-CR IN THE 38TH DISTRICT COURT


FROM MEDINA COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to ninety years' imprisonment. He did not appeal his conviction.

 Applicant alleges his plea was involuntary because counsel failed to advise him of his rights,
alternatives, advantages or disadvantages of pleading guilty. Applicant contends that his trial
counsel rendered ineffective assistance by failing to investigate his history of mental illness, any
possible insanity defense, and his competency to stand trial. He alleges that counsel was ineffective
for failing to raise mitigating evidence at sentencing, such as his frontal lobe brain injury, the abuse
he suffered as a child, and his mental health history. He alleges that counsel failed to inform him
of his right to testify on his own behalf. He also alleges that counsel failed to adequately advise him
of his right to appeal. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain a response from Applicant's trial counsel regarding Applicant's claim of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to all of Applicant's claims. The trial court shall
make findings as to whether the performance of Applicant's trial attorney was deficient and, if so,
whether counsel's deficient performance prejudiced Applicant. When addressing ground three, the
trial court shall make specific findings as to whether counsel explained Applicant's appellate rights
and whether Applicant was denied the right to appeal his sentence. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: October 5, 2011

Do not publish